Good morning, Honors. Robert Boyce on behalf of Appellant Lizarraga. My name is B-O-Y-C-E. If it pleases the Court, Mr. Lizarraga's 1998 removal was invalid because he was removed as having suffered a crime of a 273.5 violation of state law, which is not a crime of moral turpitude. And therefore, that cannot be used as the basis for a 1326 prosecution in federal court. Nor can it be, nor can the 2000 expedited removal be used either because he would not have been eligible for the expedited removal if it had not been for the 1998 improper or invalid removal for a crime which was not a crime of moral turpitude in 1998. And as a result, the... Under the 2000 removal order, wouldn't he have been... Are you saying he would not have been subject to... Expedited removal. If he had... You're saying, in other words, when he came in in 2000, he was admissible? Wouldn't he have been inadmissible for having sought entry by falsely claiming U.S. citizenship? Well, he would not have been subject to the expedited removal procedure. But he would have gone into a regular removal procedure, right? That's correct. Okay. So he then would have had to deal with the question of whether he was eligible for cancellation. Is that it? Well, if he had not been improperly... If the 1998 removal had not been... If that had not occurred, and if that invalid removal had not occurred, then he wouldn't be subject to the expedited removal procedure. So I'm saying he goes into a regular removal because he was coming across the border and falsely claimed citizenship. He wasn't a citizen. Well, unless he erroneously believed that his parents, under the exception to the claim of U.S. citizenship, if he believed that his parents gave him the right to claim U.S. citizenship, then there's that exception to the false claim of U.S. citizenship. Okay. Well, let's just... What would be the... What was the prejudice that he suffered? In the 98 removal or in the 2000 expedited? In the 2000. The prejudice is he wouldn't have been subject to an expedited removal in 2000. But he would have been subject to a formal removal. And his 1996 conviction under this 273, which is the willful infliction of corporal injury on a spouse or cohabitant, I think is categorically an aggravated felon, even if it's not a CIMT. So I guess, and this is I think the question Patricia is asking, so how does he get, I mean, how does he show prejudice? How does he show prejudice if that's an aggravated felon at that point? And I think this case shows why we can't really speculate about what would have happened if a different procedure would have been used, because... Well, I've been asking you about what the prejudice is, and you're having a little difficulty answering that in a straightforward manner. But your argument preliminarily, it seems to me, is that it's really structural error and that you don't need prejudice. You're saying that having been removed under a procedure that doesn't give you your rights, that's not a valid removal and you don't need prejudice. Your second argument, as I understand it, and that's where the question is, assuming you need prejudice, what is the prejudice since he would have been inadmissible anyway? Well, that's, and that's what I was trying to articulate, is I think this case demonstrates why you don't want to go back and speculate about... Okay, so your first argument is you don't need prejudice. Correct. Okay. Then after you're through with that argument, you just assume that the court doesn't accept that argument and that you do need it, what is it? So just to try to get the question straight in your mind. Yeah. And the argument is, is that it's not really clear whether or not he did have an aggravated felony in this case, because if you look at the documentation that was submitted by the government, it has to be shown that he had a sentence of a year or more for that 273.5 to actually be an aggravated felony. And it's not clear from the, there's some ambiguity in the paperwork whether, because he was placed on probation and he'd done about 200 and some odd days. That the sentence has to be more than a year or that the potential sentence, the statutory sentence... The sentence has to be more than a year. And it's not clear really whether at that time he was given a sentence of more than a year, because both boxes are checked as far as the execution of sentence was suspended or whether the imposition of sentence was suspended. He was placed on probation. He wasn't sentenced until 2009. So it's unclear whether even in 2000 or in 1998 whether or not he would have been an aggravated felon. So that's the second argument. But the first, as Justice Reinhart has better articulated, is that there's, it is structural error and there's no need for prejudice. The second one is it's...  You're saying that because what happened in 1996, that creates, somehow affects the fact that his conviction that occurred in 1996... His removal was 1998. So what occurred in 1998 affects his conviction for the willful infliction of corporal injury on his spouse. That affects the determination that that's an aggravated felony. Because ultimately it's an aggravated felony. I understand that he went through an expedited process and that that was, you know, there were problems with that. I don't know how we avoid having to review the prejudice. It looks like in our court case in Proyotovar, the court held on Blanc that a defendant must show prejudice from a predicate removal order in order to succeed in a collateral attack to a conviction under 8 U.S.C. 1326. And I'm just looking for any authority that you might have for the proposition that Lizarraga didn't need to make a showing of prejudice due to the 2000 expedited removal order. Well, I think under Camacho-Lopez, the fact that there may have been another procedure available does not show prejudice. I think it's structural error, the fact that this was not a crime of moral turpitude. What authority do you have that it was structural error? Camacho-Lopez. You think Camacho-Lopez. And I think also if a showing of prejudice is required, there's still a question about whether this was an aggravated felony back in 1998 or in 2000, for that matter, because he didn't receive a sentence of a year until 2009. I would reserve the rest for rebuttal. Good morning. Emily Kiefer for the United States. Can you answer the two questions that counsel just two issues that he just posed? One, is there any authority either way on whether being subjected to an expedited procedure when you assume that you're not supposed to be entitled to have a full-scale procedure? Is there any case that says whether prejudice applies when you're given the wrong type of procedure? Yes, Your Honor. As I cite in my brief, the case of Quintanilla-Gonzalez and unpublished decision of this Court addressed that very issue. That's not a presidential opinion. I understand, Your Honor. But I believe that the logic of that case is firm. You're saying that the only no, I asked whether there was an authority to that effect. And you say there is an unpublished opinion, but no other authority? And the general principle, Your Honor, that on a collateral attack, a defendant must show both that there was a due process error and that there's prejudice resulting from that due process error. This defendant That, as I said, this is a different question, whether if you didn't receive a proper hearing at all, whether you still have to show prejudice. And on that question, you say all there is is an unpublished decision. You may be right that the principle should be applied, but I just wanted to know whether Judge McGeer asked, is there a case on that? And you say all there is is an unpublished disposition. There is an unpublished disposition as well as other cases dealing with other types of removals, such as stipulated removals, administrative removals. But there are appropriate decisions, appropriate procedures. Well, that in those situations, even if an inappropriate procedure is used, that this Court has found no prejudice if the defendant is an aggravated felon. What kind of case is where they use the wrong type of procedure? Your Honor, I did not address that issue in my briefing, but I am happy to submit additional briefing to the Court. We'll let you know if we need additional briefing. Certainly. On his second point, that as to prejudice, he relies on the fact that the sentence of a year or more had not been imposed as of the time of the removal. Does that make a difference? And if so, why? If not, why not? I have several responses to that question. The first is that it's simply incorrect. The documents in this case show that there was a three-year sentence which was suspended. And this Court has held that a three-year suspended sentence, a sentence that is a one-year suspended sentence, would be sufficient to constitute an aggravated felony in these circumstances. And on top of that, the defendant did not raise this issue below, did not raise this in his briefs here to this Court. At no point before oral argument today did he assert that this domestic violence conviction was not an aggravated felony. So he has waived that argument. And on top of that, he's simply incorrect. The conviction documents here are clear. They do show that there was a three-year sentence that was suspended, execution of which was suspended in 1996. Ultimately, the sentence was imposed in 2009. But the fact that it was imposed in 2009 is of no matter whatsoever. This Court, on multiple occasions, has said that a suspended sentence is sufficient under 8 U.S.C. 1101a43f to constitute an aggravated felony, a one-year sentence for purposes of that particular statute. Thank you. That answers the questions, is it? I'm sorry? I said that answers my questions. Excellent. So if you want to return to your prepared argument or whatever else you wish to say. Thank you, Your Honor. Tell us why there was no prejudice. Well, there's no prejudice here, Your Honor, because in this case, had the defendant in 2000 been given all of the process that he presently claims he was entitled to, the result of that removal would have been exactly the same. If he had brought been brought before an immigration judge, he would have been removable not only on the basis of his aggravated felony conviction, but he also would have been removable by virtue of the fact that he falsely claimed United States citizenship when he was entering the United States in 2000. He would have been ineligible for any form of relief because of his aggravated felony conviction. And therefore, the results of that removal proceeding, whether it was an expedited removal proceeding or whether it was a removal in front of an immigration judge, would have been exactly the same. There's no prejudice. And the defendant cannot, with a straight face, make the argument that had he retained his lawful permanent resident status in 1998, he never would have falsely claimed United States citizenship in 2000. As set forth in the PSR, when the defendant had lawful permanent resident status, he on three separate occasions falsely claimed to be a United States citizen. This is before he loses his lawful permanent resident status. So even if we assume that the 1998 immigration judge removal order was invalid, he is not entitled to any other relief in 2000. He is removable because of his conviction. He is removable because of his false claim to United States citizenship. And there's no relief from that removal. And moreover, Your Honor, Your Honors, I submit that the 1998 immigration judge removal order was valid, but you do not need to read that, reach that issue. And this case is a different case from a situation where you simply have a reinstatement of removal. In a reinstatement situation, the only thing that the Court is looking at is whether the reinstatement procedures were properly followed. In this situation, we have a defendant who has committed a separate criminal act. The concern that this Court has in a reinstatement of removal situation is that if you only allow a challenge to the reinstatement and do not allow a challenge to the underlying removal, you're effectively denying the defendant the ability to challenge not only the reinstatement, but the underlying removal. And that's simply not what you have in this situation. This defendant had the opportunity before trial to challenge both the expedited removal in 2000 and the immigration judge removal in 1998. And for him to succeed on his challenge to his 1326 charge, he would have to show that both removals are invalid. He had the opportunity to do so, and he failed as to both in front of the district court. Now on appeal, the only way that he can prevail is if he, again, shows that both removals are invalid. He cannot do so, because at the very least, in 2000, he had he suffered no prejudice from any departure from the process that he was entitled to. You say on page 18 of your brief that in 2000, a hearing before an I.J. would have been pointless because Mr. Lizarraga appears to have been an aggravated felon. But the cases you address, that address 273, that is an aggravated felony, including Banuelos and Laurencio, came down 10 years later. And I'm just curious, do you have any legal basis for contending that a hearing before the I.J. and the accompanying due process protections are, would have been pointless when someone appears to be an aggravated felon, especially when the case law has not been settled? At the time that the defendant was before the immigration judge, it was settled that a domestic violence conviction under 273.5 was an aggravated felony. And so at that point, he would not have been entitled to any relief from removal. That was what the immigration judge contended in this hearing, and that is that remains the law in this circuit even more recently. Well, I'm going to tell you what bothers me and I'd like to hear your answer. Aside from the unpublished disposition or the memorandum disposition, you say that it doesn't matter if the hearing you receive is not a proper hearing because the result would have been the same. He didn't have a judge the way he would if he had a proper hearing. The principle that you don't have a judge in your hearing in court, but you were guilty anyway, is a troubling one. There's a difference between errors made in a hearing or failure to advise of rights with this legitimate hearing, and a hearing where you have a biased judge where you don't have any judge. Why should you have to show prejudice if, and I'm assuming, if normally you would be entitled to a hearing before a judge, an immigration judge, and incorrectly you're given instead an interview with an immigration officer, does it matter that you don't have a judge? Is it still dependent on whether there's prejudice? It absolutely depends on whether there's prejudice, because at this point on collateral review, the defendant must show not only a due process violation, but resulting prejudice in order to show that this proceeding was fundamentally unfair. If the result that matters, if you don't have a judge but you're guilty, that's enough. In this situation, he was not entitled to a hearing before a judge because he was not in fact a lawful permanent resident in 2000. So my question was if. I didn't say he was entitled to one. I said does it ask you whether if there were an error, whether it would be structural in not giving him the hearing before a judge, if he was entitled to one before a judge, then would he still need prejudice if the only hearing were before an immigration officer? There he would still have to show prejudice. Otherwise, that would completely eliminate the second prong of the fundamental fairness element that the defendant must establish. In that case, it would be as if a defendant came here after a hearing before an immigration judge wherein his due process rights were violated and there was no resulting prejudice, and all he had to show was that his due process rights were violated. That would effectively be what Your Honor's proposing, that no prejudice would be necessary to be shown, and that simply is not what this Court has previously held. There has to be both a due process error and resulting prejudice. Well, there is a difference, you know, between ordinary error where you show prejudice and a due process error or a structural error where you don't have to show prejudice. And that's why I was asking whether this is more like a structural error. If he was entitled to a hearing before a judge. Okay. Thank you. Thank you, Your Honor. If there aren't any further questions, I'll submit on my briefing. Thank you. Thank you. I would only add I do. You cited Camacho as your case for on this issue of not showing prejudice. Camacho doesn't say that, though. It says still to succeed in his attack, Camacho must demonstrate that he was prejudiced and that, therefore, the removal order was fundamentally unfair. So how does Camacho help you? I think Camacho, in Camacho, it was determined he wasn't an aggravated felon. Well, that's because, you know. And Camacho says because there was improper procedure that they need not look and determine whether there was an alternate procedure that was available to him, which is the same way as saying it's structural error. And we wouldn't be here if arguing these fine points about whether or not 273.5 in this case is an aggravated felony or not, because it would have been raised in a proper fashion before an immigration judge. But in counsel's response that this was not raised in the district court as far as whether or not it was an aggravated felony, whether the defendant had received a sentence of a year or more, but the district court relied upon police reports in determining that. At that time, it was before the more recent decisions, which have said you can't rely upon police reports to determine whether or not this was an aggravated felony at the time and determine there was no prejudice. But the most the first line of attack is that this is not, this is structural error and that it doesn't require showing of prejudice. And there's a very simple cure to this. We could put Mr. The government can put Mr. Zoraga through a proper removal proceeding in which it can be determined whether or not he does have an aggravated felony. Thank you. This argument will be submitted in the next case for oral argument. Thank you.
judges: REINHARDT, FISHER, MURGUIA